## MYERS v. CHAMNESS.

No. 16637—Opinion Filed April 13, 1926.

(Syllabus.)

1. **Trial — Demurrer to Evidence and Direction of Verdict Governed by Same Rules.**

The same rules obtain in the direction of a verdict as obtain on a demurrer to the evidence.

2. **Same—Demurrer to Evidence of Defendant—When Proper.**

A demurrer to the evidence admits the truth of all the evidence adduced and all facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom, and when so considered, if the defendant's evidence is insufficient to entitle him to the affirmative relief prayed for, and the plaintiff presents a demurrer thereto, it is the duty of the trial court to sustain such demurrer.

3. **Fraud—Expression of Speculative Opinions as to Value not Fraud.**

Whenever property of any kind depends for its value upon contingencies which may never occur, or developments which may never be made, opinion as to its value must, necessarily, be more or less of a speculative character, and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce.

4. **Same—Opinions as to Value by Vendor of Oil Well Being Drilled.**

The statement of a vendor of an interest in oil property that a well being drilled thereon, which the vendee knows has not been drilled into the oil bearing sand and has never produced any oil, is just as good as a well on neighboring lands which produces approximately 2,000 barrels of oil per day, does not constitute fraud, though the well upon subsequently being drilled into said oil bearing sand becomes worthless; the statement being of a speculative character and mere expression of opinion.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action by W. A. Chamness against E. H. Myers and Harry M. Crowe to recover on note. Defendants pleaded fraud and failure of consideration. Plaintiff's demurrer to defendant's evidence was sustained, and judgment rendered for plaintiff, and defendant Myers appeals. Affirmed.

M. C. Rodolf, for plaintiff in error.

Owen, Yancey & Fist, for defendant in error.

MASON, J. This action was commenced in the district court of Tulsa county, Okla., by the defendant in error, W. A. Chamness, against E. H. Myers and Harry M. Crowe, to recover on a note for $30,000 executed and delivered by said defendants to Chamness. The parties will be referred to as they appeared in the trial court.

The defendant Crowe failed to answer, and judgment by default was rendered against him. Defendant Myers answered, admitting the execution and delivery of the note, and that it had not been paid, but alleged it had been secured without consideration and by reason of the fraudulent representations of Chamness. He also alleged that as a part of said transaction he had paid Chamness $50,000 in cash, for which he prayed judgment on his cross-petition.

In the trial of the case, the defendant Myers, having pleaded an affirmative defense, assumed the burden of proof, and the trial court, after all his evidence was adduced, sustained the plaintiff's demurrer thereto and sustained the plaintiff's motion for an instructed verdict. Judgment was rendered in favor of the plaintiff for the face of the note, interest and attorney's fee, aggregating approximately $34,000, from which the defendant Myers appeals.

For reversal, it is contended that the trial court erred in sustaining plaintiff's demurrer to the defendant's evidence and in sustaining plaintiff's motion for an instructed verdict. These two assignments will be considered together, inasmuch as the same rules obtain in a direction of a verdict as on a demurrer to the evidence. Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016. Therefore,

under a long line of decisions of this court, the question presented by said assignments of error is whether, admitting the truth of all the evidence adduced by defendant, together with such inferences and conclusions as may reasonably be drawn from it, there is enough competent evidence to reasonably sustain a verdict should a jury find in accordance therewith. It is not necessary that the evidence be such as to warrant a verdict, but only sufficient to present to the jury a question of fact. Was the evidence of the defendant sufficient to present a question of fact?

The evidence, in substance, is as follows:

The defendant Myers, a resident of Pittsburgh, Pa., was a retired meat packer and a man of considerable wealth and business experience; he had had some experience in the oil fields of Kentucky, and near Ponca City, Okla., but he had no practical knowledge of said business. In the early part of the year 1918, he came to Oklahoma, where he met the plaintiff, Chamness, who was experienced in various branches of the oil business. He and Chamness afterwards became associated and interested, together with other persons, in the drilling of an oil well near Beggs, Okla. When the well had been drilled down to the oil bearing sand it was "shut down" in order to secure tanks and flow lines before drilling into said sand. During this time, Chamness and the defendants Myers and Crowe carried on certain negotiations which terminated in Chamness selling his interest to the defendants for $80,000; $50,000 of which was paid in cash and the balance was represented by the note sued on herein. Subsequently, upon the well being drilled into the oil sand, it proved to be of very small value and practically worthless. The defendants refused to pay said note when it came due, and this action was commenced.

The defendants testified that during the course of their negotiations with the plaintiff relative to the purchase of said well he represented to them that it was as good as the well on an adjoining lease, known as the "Black well," which was producing approximately 2,000 barrels of oil per day.

Defendants also testified that the market price of oil at that time was about $2.25 per barrel and that a bonus of from 25 cents to 50 cents per barrel was paid in addition to the market price. They also testified that if the well in question had been as good as the "Black well" it would have produced approximately $5,000 per day. The defendant Myers also testified that he be-

lieved and relied upon said representations of the plaintiff and that he would not have purchased said property from the plaintiff except for such representations.

The trial court was evidently of the opinion that the statement of Chamness, that the well in question was as good as the "Black well," was a matter of opinion and not actionable. Plaintiff in error, however, contends that it was a false representation as to an existing fact, upon which he relied to his damage, and that, therefore, the trial court erred in sustaining the demurrer to his evidence.

He cites and relies largely upon the case of McIntire v. King et al., 98 Okla. 192, 224 Pac. 695, wherein the McIntire Sheep and Goat Commission Company sold certain sheep to King after representing that they were from two to four years of age and would shear an average of eight pounds of wool per sheep. King had no knowledge of sheep and relied upon said representations. The evidence was that the sheep were toothless from age and six years old and only sheared about two pounds of wool per sheep. The McIntire Company sued on notes executed by King, who defended by reason of such fraud, and the Commission Company undertook to invoke caveat emptor against such fraud. The court also held that the parties were not on an equal footing and that the statement as to the age of the sheep was a representation as to an existent fact, but held that the statement as to the amount of wool they would clip, when taken in connection with the other evidence in the case, was a jury question as to whether the representation was one of fact. The case does not disclose what the other evidence was, but, regardless of that, we do not think the rule there announced is applicable to the case at bar.

In order to justify any imputation of fraud on behalf of the plaintiff in comparing the two wells, it was necessary for the defendant to show that Chamness had knowledge at the time that the well they were drilling would make as good a well as the "Black well." From the nature of all the surrounding circumstances and the imperfectly developed condition of the well, no one could know its actual value until further development was made—that is, until the well was actually drilled into the oil producing sand. Until then, any estimate as to its production or value must have been entirely speculative and conjectural. It would depend as much, perhaps, upon the temperament and expectations of the party

making it as upon any knowledge of facts. The law does not hold one responsible for the extravagant notion he may entertain of the value of property, dependent upon its further development, nor for expressing them to one acquainted with its general character and condition. The defendant knew that this well was not drilled into the oil bearing sand; that it had never produced a barrel of oil and that the "Black well" was making approximately 2,000 barrels per day. He must have known that the plaintiff's statement was purely conjectural and one of opinion. The law does not fasten responsibility upon one for expressions of opinion as to matters in their nature contingent and uncertain.

In Gordon v. Butler, 105 U. S. 553, 26 L. Ed. 1166, the Supreme Court of the United States, in discussing a similar question, said:

"Whenever property of any kind defends for its value upon contingencies which may never occur, or developments which may never be made, opinion as to its value must, necessarily, be more or less of a speculative character; and no action will lie for its expression, however fallacious it may prove, or whatever the injury a reliance upon it may produce."

The case of Holbrook v. Connor, 60 Maine, 578, was a case very similar to the instant case. There the vendor and his agent represented, among other things, that the lands sold by them contained large deposits of oil and were of great value for the purpose of boring for and manufacturing it; and upon the representations the purchasers acted. The evidence tended to show that the representations were false and fraudulent and the plaintiff obtained a verdict, but the Supreme Court set it aside. It appeared that the land had not been tested; and it was unknown to both parties whether it was valuable as oil land, except so far as might be inferred from the production of wells on neighboring lands. The court held that under these circumstances the representation was to be regarded as a matter of opinion and would not support the action.

The Supreme Court of Pennsylvania, in Watts v. Cummins, 59 Pa. St. Rep. 84, was discussing a case almost identical in all respects to the one at bar, and in the body of the opinion used the following language:

"The existence of oil in the tract was unknown to both parties; and its being there, as was well known to each, could only be ascertained by an expensive and laborious experiment. This development was a part of the purpose of raising the company. Had Campbell expressed the strongest belief of the existence of oil in the tract as an absolute certainty, still the defendant knew it was but a matter of mere belief, and uncertain. It was opinion only, no matter how confidently expressed. It is plain he had no right to rely upon it as an assured fact, but must still experiment to find it out. How then could he have relied on the statement of Campbell, so as to be misled to his injury? He knew as well as the vendors that they were bargaining about a matter altogether problematical, of which he must necessarily take the risk, unless he had guarded against it by a covenant. But the demand for a covenant in risks of this nature would break off the bargain in most cases. The parties dealt together with open eyes, and on the footing that the subject of the risk was not only unknown, but then inaccessible to both. To say, therefore, that such a bargain when otherwise fair is fraudulent or so inequitable that it ought to be rescinded, would be to announce a principle that would cut off all contracts upon subjects that cannot be rendered certain before the bargain is closed."

From the foregoing, we must conclude that the statement of the vendor assigning a certain value to said property because of an oil well thereon which had not yet been drilled into the oil bearing sand, cannot be pronounced fraudulent because the property upon subsequent development of the well proved worthless.

The plaintiff in error also complains because of the refusal of the trial court to admit certain evidence relative to the logs of the two wells as filed in the office of the Corporation Commission. Having reached the foregoing conclusions, we deem it unnecessary to discuss this assignment of error.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and PHELPS. LESTER. HUNT. CLARK, and RILEY. JJ, concur. HARRISON. J., dissenting.

Note.—See under (1) 38 Cyc. p. 1565; anno. 29 A. L. R. 1289; 26 R. C. L. p. 1067; 3 R. C. L. Supp. p. 1491; 5 R. C. L. p. 1438. (2) 38 Cyc. pp. 1543. 1547; 26 R. C. L. p. 1062: 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694. (3) 26 C. J. p. 1216 § 110; anno. 35 L. R. A. (N. S.) 417; 12 R. C. L. p. 279; 2 R. C. L. Supp. p. 1412; 4 R. C. L. Supp. p. 752. (4) 26 C. J. p. 1222 § 110.