## CONNELLY BROS., Inc., et al. v. DUNLAP et al.

No. 23450. Dec. 18, 1934.

G. A. Paul, for plaintiff in error Connelly Bros., Inc.

Owen Black, for plaintiff in error City of Lawton.

John F. Thomas and Amil H. Japp, for defendants in error.

PER CURIAM. Defendants in error, owners of property on an alley in block 33, city of Lawton, which alley is a part of improvement district No. 31, sued to annul their assessments for the improvements on the alley, upon the alleged grounds: (1) That they had no actual notice of the proceedings, within the protest period, and hence lost their opportunity to make objection; (2) that the alley was included in the district by means of fraud perpetrated by the mayor. Decree based upon findings of want of opportunity to protest, and of fraud, was entered, annulling the assessments in so far as they affect defendants in error. Only two questions need to be determined, to wit: (1) Is actual or personal notice required of street and alley improvements made under the provisions of chapter 173, S. L. Okla. 1923? (2) Is the judgment clearly against the weight of the evidence?

1. Notice of the resolution of necessity for the street and alley improvements was published as required by sec. 5, chap. 173, S. L. Okla. 1923, sec. 6216, Okla. St. 1931. Jurisdiction was conferred upon the city authorities to construct the improvements and make the assessments therefor, without actual or personal notice to the owners of the property so assessed. McKnight v. City of Oklahoma City, 165 Okla. 210 25 P, (2d) 638; Kingfisher Imp, Co. v. City of Waurika, 96 Ok'a. 83, 220 P. 919; Allen v. City of Muskogee, 53 Okla. 230, 156 P. 315.

2. In support of the charges of fraud,

the following admitted facts are invoked: Upon petition, Tenth street, between Avenues B and C, was designated paving district No. 31, but the project was abandoned because all bids were in excess of the estimate. Then a new district No. 31 was created, consisting of the same part of Tenth street, together with alleys in blocks 20 and 33. The alley in block 33 was included at the request of the mayor, who owned some property thereon. The mayor, believing that the defendants in error would not favor improving this alley, did not inform them of the intention to include it in the new district No. 31. The defendants in error had no actual or personal notice of the resolution of necessity until after the expiration of the period for remonstrance, having failed to read or hear about the published notice, and hence failed to file protest within the period for remonstrance. These conceded facts do not in any respect support the charges of fraud. The law distinguishes between mere silence and concealment of a fact. Silence as to a material fact is not necessarily, as a matter of law, equivalent to a false representation. Stewart v. Wyoming Cattle Co., 128 U. S. 383, 32 L. Ed. 439; 12 R. C. L. secs. 67, 68.

Defendants in error contend that in furtherance of an alleged scheme to improve the alley without the consent of the majority owners of the property affected by assessment, the mayor, by false representations to the effect that he had procured the consent of the interested property owners, fraudulently induced the council to include in the district the alley in block 33. The record and evidence, considered and weighed as a whole, fail to afford sufficient support to this contention, In fact, the councilman on whose testimony defendants in error rely principally fails to sustain the theory of fraud, as appears in the following excerpt from his testimony, referring to the mayor:

"Q. Did he tell you he had seen the property owners? A. I can't say. Q. Did he say the property owners wanted it done? A. I don't remember. Q. Did he say he talked to the property owners about it at all? A. I don't remember that."

There were no circumstances of fraud or oppression. The contract for the improvement was awarded July 14, 1931. Thereafter, on August 11, 1931, the first protest was made and overruled. Objection came too late. This action was commenced August 21, 1931. There is nothing whatever to connect the contractor with the alleged irregularities. All the proceedings were had in strict accordance with the provisions of the applicable statutes.

We have considered the whole of the record, and examined carefully all the evidence, and find that the judgment of the trial court is clearly against the weight of the evidence. Since this action is cognizable only in chancery, the judgment will be reversed and the cause remanded, with directions to vacate the decree in favor of the defendants in error, and to dismiss the petition. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys J. C. Stone, W. K. Zachry, and T. L. Gibson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stone and approved by Mr. Zachry and Mr. Gibson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.