## PROVIDENT LIFE & ACCIDENT INS. CO. v. CLARK.

No. 24095. Oct. 29, 1935.

Rehearing Denied Dec. 3, 1935.
Second Petition for Rehearing Denied Dec. 17, 1935.

Laurence W. Randolph, for plaintiff in error.

C. A. Warren, for defendant in error.

McNEILL, C. J. This is an action to recover monthly payments under an accident insurance policy.

Plaintiff was a railroad switchman and sustained an accidental personal injury which incapacitated him from performing duties pertaining to such occupation. Some months after the accident plaintiff was able to operate a cafe. The company had made certain payments under the policy and plaintiff sought to recover the sum of $190 as a balance due under the policy after crediting defendant company with the sum of $800.

The insurance company, in its answer, pleaded a release and discharge from further indemnity for said disability and from any suits or demands. Plaintiff in his reply admitted signing the release, but alleged that fraud was practiced upon him in the procurement of the same, in that the agent of the insurance company informed plaintiff that the insurance company would not be liable to plaintiff under its policy of acci-dent insurance for further liability by reason of the fact that plaintiff had sufficient-ly recovered so as to be able to conduct a cafe; that the company would send a representative from its home office and that, if plaintiff did not take the amount the agent had offered him in settlement, the defendant would refuse to pay plaintiff anything further when the representative of the company found him operating a cafe.

Plaintiff alleged that these representations were false and were known to be false by the agent, and after a motion for new trial was overruled the court permitted plaintiff, over objection, to amend his reply concerning the statement relative to fraud so as to conform to the proof by inserting the words, "or were recklessly made by the agent." The jury returned a verdict in favor of the plaintiff.

The major question is whether there was actionable fraud in the procurement of the release.

It is the theory of the plaintiff that the agent of the insurance company deceived and influenced plaintiff to execute the release.

The insurance company urges that the evidence of plaintiff merely showed an expression of opinion as to what the insurance company would do when its representative would check the facts in the case, and that such evidence constitutes only a misrepresentation as to a matter of law and could not form sufficient basis upon which to predicate actionable fraud; that there was a complete failure of proof to sustain allegations of fraud and false representations in procuring the release; and that there was error in permitting plaintiff to amend his reply.

It is the general rule that a misrepresentation or concealment as to a matter of law is not sufficient basis upon which to predicate fraud, for the reason that everyone is presumed to know the law; but there are well-known exceptions to this rule. Epp v. Hinton, 91 Kan. 513, 138 P. 576, L. R. A. 1915A, 675; 12 C. J. 353.

Where one places reliance upon the superior knowledge of another who is presumed to know, the courts will not permit him to be deceived by the other making misrepresentations as to matters of law on a material question for the purpose of inducing him to act to his prejudice. If an insurance company authorizes an agent to negotiate a compromise and settlement, there is weighty presumption that such agent has knowledge superior to that of the policyholder as to the rights of the policyholder under the provisions of the policy.

If, in the case at bar, misrepresentations were made as an inducement to deceive the plaintiff, and, if such misrepresentations, in truth and in fact, did induce the plaintiff to sign the release in question to his prejudice, then there existed the gist of remedial fraud. The modern tendency appears to restrict rather than extend the immunity of one who gains an advantage over another for the express purpose of misleading him on some material question. Cramer v. Kansas City Rys. Co. (Kan.) 211 P. 118; 26 C. J. 1207, 1208, 1209; White v. Harrigan, 77 Okla. 123, 186 P. 224.

As we view this record there was evidence of facts on the issue of fraud in addition to the question involving the misrepresentations as to matters of law. It was not error to submit the question of whether actionable fraud was practiced upon the plaintiff. The question of fraud is an issuable fact, and the jury, by its verdict, resolved that issue in favor of the plaintiff.

We are of the opinion that the permitting

of the amendment to the reply under the circumstances in this case was harmless. We find no prejudicial error.

Judgment affirmed.

RILEY, BUSBY, CORN, and GIBSON, JJ., concur.