## NATIONAL AID LIFE ASS'N v. KROW.

No. 29516. Oct. 15, 1940.

Rehearing Denied Nov. 19, 1940.

*107 P. 2d 177.*

J. D. Lydick, Gibson & Savage, and Elmer H. Akin, all of Oklahoma City, for plaintiff in error.

Deupree & McCabe and Leslie D. Ringer, all of Oklahoma City, for defendant in error.

GIBSON, J. This is an action on a policy of life insurance issued by a fraternal benefit association. Judgment was for plaintiff, and the defendant appeals.

The face value of the policy was $1,000, and the action is for an alleged balance of $600 due thereon. Defendant pleaded a written release of liability wherein plaintiff, the beneficiary, accepted $400 in full settlement of the benefits provided by the policy. In reply the plaintiff alleged that the release was procured by fraudulent representations and without consideration.

The cause was submitted to the court on an agreed statement of certain facts and a stipulation containing the substance of the testimony to be given by the witnesses of both parties in event they were called.

The defendant insurance company was organized and operating under the provisions of sections 10564-10593, O. S. 1931, 36 Okla. Stat. Ann. §§ 261-292. By section 10571 and the by-laws of the company the age limit of applicants to

whom policies could be issued was fixed at 55 years. The insured, Charles Loper, was 56 at the time he signed his application. The application is attached to and made a part of the agreed statement of facts. It gives his age as 55. After Mr. Loper's death officers of the defendant company received information that he was 56 when the policy was issued, and thereupon denied liability under the policy and offered return of the premiums collected.

Thereafter the plaintiff, accompanied by her husband and mother, called at defendant's office, where Loyd W. Judd, vice president of the company, told them that the defendant denied liability because Charles Loper was 56 years of age at the time the policy was issued, and that the defendant under the law was not permitted to issue a policy to any person over the age of 55. Judd suggested to plaintiff that she obtain legal advice in connection with the matter. Approximately two weeks thereafter the plaintiff and her husband returned to the offices of the defendant company and accepted the offer to settle her claim for $400 and surrendered the policy for cancellation.

It further appears that Charles Loper at the time he executed his application informed the agent of defendant that he was 56 years old. The application blank was filled out by said agent, and, according to the agreed testimony of plaintiff's witness as contained in the stipulation mentioned above, Loper spent no particular time reading the application, and that said application was not attached to or made a part of the contract issued to Charles Loper.

Upon the foregoing evidence the trial court rendered judgment for plaintiff.

If plaintiff was induced by fraud to enter into the compromise agreement, the fraud consisted of representations made to her by the company official, Loyd W. Judd, as set out above. He told plaintiff that "defendant had denied liability because Chas. Loper was 56 years of age at the time said policy was issued, and that the defendant under the law

was not permitted to issue policies to any person over the age of 55 years." That statement constitutes the only evidence in the record upon which fraud could possibly be predicated. It may or may not have been a correct interpretation of the law. If correct, there would have been no foundation whatever for this lawsuit. If untrue, there is no evidence of any character that the plaintiff relied upon the statement as one of fact or law lying within the superior knowledge of the defendant's official. In fact, the evidence clearly shows that the plaintiff was in no way persuaded to place reliance upon the representations made by the official. She was advised by him to obtain counsel before making a decision. She went away, and in two weeks returned apparently satisfied with the statement and with the offer. If a misrepresentation was made, it was one of law, and as a general rule a misrepresentation or concealment as to a matter of law is not sufficient basis upon which to predicate fraud; everyone is presumed to know the law. Provident Life & Accident Ins. Co. v. Clark, 175 Okla. 282, 52 P. 2d 763. In the ordinary case a person has no right to rely on the representations or opinions of others concerning the law, but there is an exception to that rule which the plaintiff asserts should be applied in the instant case. The rule in this regard is stated in White v. Harrigan, 77 Okla. 123, 186 P. 224, and reads as follows:

"Generally speaking a misrepresentation of law affords no grounds of redress or relief, on the theory that all men are supposed to know the law. It is not universally true, however, that a misrepresentation of the law is not binding upon the party who made it. Where one has superior means of information, professes a knowledge of the law and thereby obtains an unconscionable advantage of another who is ignorant and has not been in a situation to become informed, the injured party is entitled to relief as well as if the representation had been made concerning a matter of fact."

It was said in the Provident Case, above, that "if an insurance company authorizes an agent to negotiate a compromise and settlement, there is weighty

presumption that such agent has knowledge superior to that of the policyholder as to the rights of the policyholder under the provisions of the policy." It follows that the plaintiff's case is strengthened by the presumption that Judd possessed knowledge of the legal rights of the parties superior to her own. This brings plaintiff's case within the exception to the rule as stated in White v. Harrigan, supra.

But the burden of proof remained upon plaintiff to establish her allegation of fraud. The rule is stated in the Provident Case as follows:

"Where fraud in the procurement of a release and discharge from liability is alleged, the burden of proof is upon the party alleging the fraud, and the same must be proved by clear and satisfactory evidence."

Assuming that the representations made by Judd were actually wrong or false as to the law, the burden was on plaintiff to show that she was not only ignorant of her legal rights under the policy, but had not been in a situation to become informed concerning such rights. White v. Harrigan, supra. The undisputed facts show that she had ample opportunity to acquaint herself with every legal question surrounding the transaction.

The law does not, and should not, look with disfavor upon the compromise and settlement of disputed claims arising under life insurance contracts. A contrary attitude would lead to results prejudicial to both the insurer and the insured. The law favors the compromise and settlement of disputed claims of every character. Aetna Life Insurance Co. v. Short, 180 Okla. 240, 68 P. 2d 784.

In her brief plaintiff says that the record shows that she relied upon Judd implicitly and obtained no outside assistance of a professional nature in negotiating the settlement. She points to a particular page of the record to substantiate this statement, but we fail to find anything there or elsewhere that will permit us to agree with plaintiff's interpretation thereof.

The written release stood squarely in plaintiff's way to a recovery. Her burden was to have it set aside. This she undertook to do by alleging fraud in the nature of misrepresentations concerning her legal rights. But she has failed to show that she relied upon said representations, if, actually, they were such, and executed the release wholly ignorant of her rights, and without being in a situation to become informed thereof. Such proof was essential in order to bring plaintiff's case within the exception to the rule that misrepresentations as to matters of law are not sufficient basis upon which to predicate fraud.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and DAVISON, JJ., concur.