GIBSON v. MENDENHALL et al.

No. 33552.   Nov. 14, 1950.

*224 P. 2d 251.*

A. L. Commons, of Miami, for plaintiff in error.

L. A. Wetzel, of Miami, for defendants in error.

CORN, J. This is an appeal from the trial court's judgment sustaining a general demurrer to plaintiff's petition, in an action brought to rescind a contract, and recover money judgment from defendants, because of alleged fraud and misrepresentation in sale of property. Plaintiff elected to stand upon his petition and judgment was entered dismissing the action.

The appeal to this court is by transcript. The only question presented is whether the third amended petition stated a cause of action. Because of its length we do not set forth the entire petition, but the following sufficiently states the material allegations relied upon by plaintiff:

Plaintiff alleged that on April 12, 1946, he entered into a written contract for purchase from defendants of a building and all the equipment, and stock used in the operation of a beer parlor, located in Commerce, Okla.; that he was induced to do this by reason of material representations, orally made by defendants, upon which he relied; that such representations were false, known by defendants to be false when made, and were made with the intention of inducing plaintiff to rely thereon; that plaintiff was unfamiliar with conditions in the locality, and relied wholly upon the truthfulness of the representations and thereby was deceived to his detriment, which resulted directly from defendants' deception.

The misrepresentations relied upon allegedly were false in the following particulars: Defendants owned the property sold, and held a license to dispense beer at such location. In negotiating a sale of the property to plaintiff, the defendants allegedly advised plaintiff they were personal friends of representatives of the Tax Commission and the county court, and that there would be no trouble connected with his securing of the license required for operation of the business in his own name, and that all plaintiff would have to do would be to make application. Plaintiff alleged that, as a matter of fact, during the period of negotiations, defendants knew that it was extremely difficult to secure a beer license in the county and particularly in the town of Commerce, and they likewise knew plaintiff was unfamiliar with existing conditions; that there was great bias and prejudice in the minds of both city officials and the better citizens against beer parlors; that defendants had been advised of and knew of such conditions, and had knowledge that their own, or any other effort to secure a beer license, would be protested, and had been so advised by city officials; that during the period of negotiations a city ordinance was in the process of being enacted which purported to outlaw all beer parlors; having knowledge of such matters defendants knowingly concealed same from plaintiff and falsely and fraudulently represented to plaintiff he need only make application for license, thereby inducing plaintiff to purchase the property and part with his money. Plaintiff also alleged that, as further inducement, defendants falsely represented plaintiff would make $90 per week from the sale of beer, knowing same to be untrue, and that he was induced to rely upon such false statements.

Further, that after execution of the written agreement plaintiff learned of the true conditions in the county and determined that his application for a license would be defeated; that everything which defendants did was part of a scheme or conspiracy to defraud him

of his money, and that he relied upon defendants' false representations. Plaintiff then asked for rescission of the contract and recovery of the money paid thereunder, under that portion of the agreement which provided that the $500 earnest money and $2,700 paid upon execution of the contract should be forfeited as liquidated damages in the event of his failure to complete the contract.

Plaintiff's second cause of action sought judgment for $5,000 exemplary damages for defendant's alleged wanton and malicious representations.

The elements of actionable fraud have been pronounced so often by this court as scarcely to require citation of authority. These elements are material, false representations, made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with intention they be acted upon by another, and reliance thereon by another party to his injury. McAtee v. Garred, 185 Okla. 314, 91 P. 2d 1095; Tyler v. Hartford Accident & Indemnity Co., 195 Okla. 523, 149 P. 2d 722; 23 Am. Jur., Fraud and Deceit, §20.

At the beginning it is apparent plaintiff's contention that defendants induced him to enter into the contract by their representation that he could realize a profit of $90 per week is untenable. At most, such representation was an expression of opinion, dependent upon the contingency, necessarily recognized by all parties, that plaintiff would be able to secure a license. In such instances such statements do not constitute fraud. Myers v. Chamness, 114 Okla. 220, 245 P. 879; Sam P. McCullough, Inc., v. Doggett, 176 Okla. 8, 54 P. 2d 184; Bradley v. Little, 192 Okla. 121, 134 P. 2d 126; 23 Am. Jur., Fraud and Deceit, §165.

It also must be considered whether defendants' failure to communicate their knowledge of the alleged general bias and prejudice in this particular locality against the sale of beer, and their alleged misrepresentation to plaintiff that he need only make application for license to have same granted, were sufficient to establish plaintiffs' cause of action in this case. Such questions necessarily involve consideration of defendants' duty to disclose such knowledge as they might have regarding conditions in the locality, and the materiality of the facts alleged to have been concealed by the defendants.

In 23 Am. Jur., Fraud and Deceit, §77, the general rule is stated as follows:

"As a general rule, to constitute fraud by concealment or suppression of the truth there must be something more than mere silence, or a mere failure to disclose known facts. Where there is no obligation to speak, silence cannot be termed 'suppression,' and is not a fraud. Either party may, therefore, be innocently silent as to matters upon which each may openly exercise his judgment."

See Connelly Bros., Inc., et al. v. Dunlap et al., 170 Okla. 143, 39 P. 2d 155, recognizing such to be the rule in this jurisdiction. However, there are instances where peculiar circumstances of the case, and the relationship of the parties, are such as to impose the legal and equitable duty to disclose certain facts. Barry et al. v. Orahood, 191 Okla. 618, 132 P. 2d 645. But, mere silence as to a material fact is not necessarily, as a matter of law, equivalent to fraudulent representation. Connelly Bros. Inc., et al. v. Dunlap et al., supra.

In the present case it must be considered pertinent that the very information plaintiff alleged to have been concealed from him, undoubtedly, by its very nature, was the subject of general knowledge and discussion in the locality. Also to be noted is that plaintiff did not allege that in reliance upon defendants' representations, and because of lack of knowledge of local conditions, he applied for but was denied a license by the proper authorities.

The remaining inquiry is whether, in view of all the circumstances, defendants' representations that plaintiff could secure a license simply by applying therefor amounted to fraudulent representations.

The procedure and requirements for securing licenses to dispense nonintoxicating beverages are set forth by statute. (See 37 O.S. Supp. 1947 §163.11.) Such statutes were in force and effect at the time plaintiff entered into this contract. His allegation was that defendants fraudulently misrepresented he could secure a license merely by applying therefor, when they knew as a fact that because of local conditions any application for a license would be protested.

In 23 Am. Jur., Fraud & Deceit, §45, this rule is stated:

"The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. The rule embraces opinions on questions of law based on facts known to both parties alike, and representations as to what the law will not permit to be done, especially when the representations are made by the avowed agent of the adverse party.

"The reasons generally advanced as the basis of the rule that fraud cannot be predicated upon misrepresentations as to matters of law are that everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it. Hence, one has no right to rely on such representations or opinions and will not be permitted to say that he was misled by them."

See White et al. v. Harrigan et al., 77 Okla. 123, 186 P. 224, 9 A.L.R. 1041.

Despite the allegations of fraud, it is indisputable that the plaintiff was charged with knowing what requirements had to be met before a license could be granted. Under such circumstances it must be conceded that whatever defendants might have told plaintiff in this respect amounted to nothing more than an expression of their opinion on the matter. The fact that his application might be protested placed no additional burden upon him insofar as securing the license was concerned. Defendants' statements as to how this might be accomplished were simply expressions of their opinion upon something concerning which plaintiff had equal knowledge, and cannot be held to provide the basis for actionable fraud. See Hazlett et al. v. Wilkin, 42 Okla. 20, 140 P. 410; Sam P. McCullough, Inc., v. Doggett, supra; Myers v. Chamness, supra, and cases therein cited.

We are of the opinion plaintiff's third amended petition failed to state a cause of action for rescission of the contract for fraud and deceit, and the trial court properly sustained defendants' demurrer to the petition. Davis et al. v. City of Okmulgee, 174 Okla. 429, 50 P. 2d 315.

Judgment affirmed.