The FIRST NATIONAL BANK AND TRUST COMPANY OF MUSKOGEE, Oklahoma, a National Banking Association of Muskogee, Oklahoma, Trustee of the Annie S. Cook Trust, Plaintiff in Error,

v.

The MUSKOGEE DISCOUNT HOUSE OF MUSKOGEE, Oklahoma, a Co-partnership composed of Ernest Day and James V. Rogers, Defendant in Error.

No. 39931.

Supreme Court of Oklahoma.

May 28, 1963.

R. M. Mountcastle, Muskogee, for plaintiff in error.

Anthis & Gotcher, Douglas Garrett, Muskogee, for defendant in error.

JACKSON, Justice.

This action in forcible entry and detainer began in the City Court of Muskogee. After judgment for defendant, an appeal was taken to the district court of Muskogee County, where verdict and judgment were again for defendant, and plaintiff appeals.

Plaintiff in the trial courts (and plaintiff in error here) was the First National Bank and Trust Company of Muskogee, as trustee of the Annie S. Cook Trust, hereinafter referred to as plaintiff. Defendant in the trial court was Muskogee Discount House, a co-partnership composed of Ernest Day and James V. Rogers, hereinafter referred to as defendant.

In view of our conclusions herein, no extended summary of the pleadings and evidence is necessary.

The plaintiff alleged in substance that it was the trustee-owner of a certain business property in Muskogee which it had leased to defendant under a written lease containing an option to terminate upon payment to defendant of $250.00 and the giving of a thirty-one day notice as set out in the lease; that it had exercised its option to terminate, but that defendant refused to surrender possession of the premises, and still unlawfully detained it.

In answer, the defendant admitted the execution of the lease but alleged in substance that the execution was procured by "deceitful, false and fraudulent" representations of plaintiff's agent with regard to the meaning and effect of the option to terminate. The lease contract is not otherwise assailed or contested.

The evidence of the defendant was that at the time of execution of the lease defendant was in possession of the premises as sub-lessee under a prior lease. Defendant alleged and presented testimony that the new lease was supposed to be identical in terms with the prior one.

The lease provisions concerned are contained in paragraph VIII, as follows:

"This lease may be terminated at the option of the Party of the First Part should the Party of the Second Part commit any act which shall cause the Party of the First Part to become liable, either civilly or criminally, and that Party of the Second Part will obtain, where necessary, permits or authority from any city, county, state or federal government, for the operation of the business so conducted, and will abide by all of the lawful rules and regulations, ordinances, and laws or enactments. governing said business; and in this connection, it is further understood and agreed that the padlocking of said building, the filing of an information in the state courts, or a grand jury indictment in the federal courts, or a conviction in the City Court of Muskogee, or the police court, or a default by the defendant in appearance before these courts shall be an admission by the Lessee that this paragraph has been violated, and the lessor herein shall have the right, at its option, to declare this lease at an end and of no force and effect, and to re-enter and take immediate possession of said property. *And said Party of the First Part may terminate this lease at its option upon payment of the consideration of Two Hundred Fifty ($250.-00) Dollars to Party of the Second Part and Party of the Second Part shall surrender peaceable possession of the premises to the Party of the First Part thirty-one days following the first day of the month following the month in which notice is given terminating this lease.*" (Emphasis supplied.)

Defendant agrees that the first sentence quoted above was contained in the old lease, and was properly included in the new one. It is alleged, however, that the second sentence (emphasized above) should not have been in the new lease, and that the owners of defendant partnership signed

the new lease only after fraudulent misrepresentations by plaintiff's trust officer as to its meaning and effect.

The evidence shows that several days before the new lease was executed, Mr. Day, one of the owners of defendant partnership, went to the office of plaintiff's trust officer for the purpose of examining the new lease. On the point here concerned, he testified as follows:

"Well, I looked it all over and in paragraph VIII it said something about them having a thirty-one day notice of an option to terminate the lease by paying us $250 and I said, 'Wait a minute, I don't want this in here', and he said that don't mean anything; that just says if you got arrested or padlocked or something like that, that's all that means, then we could move you out by paying us $250, and I said 'Well, if that's all it means, that's all right'."

Plaintiff's trust officer unequivocally denied making the representations noted above, but verdict and judgment were for defendant partnership.

On appeal, plaintiff presents several propositions, one of which is to the general effect that even if the trust officer did make the representations as alleged, such amounted only to representations of matters of law, and not matters of fact, and that fraud cannot be predicated upon misrepresentation of matters of law.

This argument must be sustained. See 23 Am.Jur. Fraud and Deceit, Section 45, wherein it is said:

"The general rule is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. The rule embraces opinions on questions of law based on facts known to both parties alike and representations as to what the law will not permit to be done, especially when the representations are made by the avowed agent of the adverse interest.

"The reasons generally advanced as the basis of the rule that fraud cannot be predicated upon misrepresentations as to matters of law are that everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it. Hence one has no right to rely on such representations or opinions and will not be permitted to say that he was misled by them."

See also Gibson v. Mendenhall, 203 Okl. 558, 224 P.2d 251; Provident Life & Accident Ins. Co. v. Clark, 175 Okl. 282, 52 P.2d 763.

It may be conceded that there are exceptions to the general rule, but they are not applicable in this case. It is neither alleged nor shown that a relationship of trust and confidence existed or that a fiduciary relationship was involved, that the owners of defendant partnership were "rushed" into signing the lease or fraudulently prevented from examining it, or that they were ignorant and inexperienced men without knowledge of business affairs. On the contrary, uncontradicted evidence and a stipulation in the record show that they were successful business men of considerable experience, accustomed to buying and selling business properties, and familiar with such things as leases, deeds and contracts. The record further shows that they did not sign the lease until several days after the allegedly false representations of the trust officer was made, and it is not denied that before signing it they read it and submitted it to an attorney (who was present) for his examination.

Since fraud cannot be predicated upon misrepresentations of matters of law under the facts presented, it follows that there was no competent evidence in support of the allegations of fraud, upon which defendant depended to vitiate the lease contract the owners of the partnership admittedly signed.

Where there is an entire lack of evidence to sustain the judgment of the trial court, the judgment will be reversed

on appeal.  Riddle v. Garner, 175 Okl. 325, 52 P.2d 837.

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment for plaintiff.

HALLEY, V. C. J., and JOHNSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.

BLACKBIRD, C. J., and DAVISON and WILLIAMS, JJ., dissent.