**Crystal K. TOLES, Appellant,**

v.

**J. Douglas GREEN, Appellee.**

**No. 47504.**

Court of Appeals of Oklahoma,
Division No. 1.

June 10, 1975.

Rehearing Denied July 15, 1975.

Certiorari Denied Dec. 16, 1975.

Released for Publication by Order of Court of Appeals Dec. 18, 1975.

Berry & Berry by Howard K. Berry, Jr., Oklahoma City, for appellant.

Pierce, Couch, Hendrickson & Short by George F. Short, Gary M. Chubbuck, Legal Intern, Oklahoma City, for appellee.

REYNOLDS, Judge:

This case for review is a medical malpractice action brought by patient Toles, plaintiff, against Dr. Green, defendant, for negligence claiming defendant sewed up, or performed ligation of her common bile duct, while performing gall bladder surgery, necessitating surgery by an Oklahoma City specialist.

The trial was before a jury. At the close of evidence the trial court sustained the defendant's motion for a directed verdict.

The Supreme Court of Oklahoma held in *Myers v. Chamness*, 114 Okl. 220, 245 P. 879 (1926), the following:

"Syllabus by the Court

"1. The same rules obtain in the direction of a verdict as obtain on a demurrer to the evidence.

"2. A demurrer to the evidence admits the truth of all the evidence adduced and all facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom, . . . .."

Final diagnosis of the physician who performed corrective surgery found plaintiff suffered obstructive jaundice of the common duct, or stricture of the common bile duct. Surgery disclosed obliteration of the common bile duct and some tissue was removed, all of which was sent to the pathologist. About 8 millimeters below the confluence of the right and left hepatic ducts there was a foreign body that appeared to be a cotton suture or a ligature that was left previous to his surgery. The common bile duct above that point was distended and contained bile completely colorless, or white bile.

The pathologist testified that microscopic examination of the tissue (of the common bile duct) showed scar tissue, foreign bodies which appeared to be suture material, and the foreign body reaction which ac-

companied this foreign body. The other finding was a traumatic neuroma, which is a reaction one sees when a nerve is traumatized or injured. There was an inflammatory reaction about this area. Cells were present that we call "foreign body giant cells", a type of cell that can be identified in the tissue only after the suture has been in the tissue long enough to form this reaction. The foreign body reaction was from a suture from previous surgery.

Defendant Dr. Green testified it would not be good medical practice in Cushing, Oklahoma to ligate the common bile duct while performing gall bladder surgery.

The operative report of Dr. Dodson, who performed corrective surgery, dated August 16, 1972, was introduced into evidence, and we quote in part:

"The common hepatic duct was then exposed and identified by needle aspiration. The hard cord-like tissue distal to the ligature in this region was transected at several levels down to the pancreas and no lumen could be identified. Using the cotton ligature as a traction device, the dilated duct was then dissected free around its circumference up to the liver and the cotton tie was then removed and the duct opened right at that point. There was immediate gush of white bile under a great deal of pressure. The duct was explored with a probe which could be passed readily up into the right and left hepatic ducts, both of which were somewhat dilated. The ligament of Treitz was then identified and the jejunum examined.

*    *    *    *    *    *

"The gall bladder had been removed. The stomach and pancreas were not remarkable. About 8 mms. distal to the confluence of the right and left hepatic ducts there was a cotton suture or ligature. Proximal to the cotton ligature the duct was tremendously dilated and the bile within it was under considerable tension. The bile was completely colorless white fluid. The right and left hepatic ducts were also dilated. There were no stones or other material within the ductal system. Distal to the cotton ligature there was dense cord in the lateral aspect of the nepatoduodenal ligament extending down to the pancreas about as big around as a cigarette. Division of this at several levels revealed no discernible duct tissue. There was chromic ligature or suture about three-quarters of an inch to the right and anteriorly from the cotton suture."

In *Austin v. Wilkerson,* 519 P.2d 899 (Okl.1974), the Supreme Court held:

"Where defendant moves for a directed verdict after both plaintiff and defendant have introduced their evidence and rested, the trial court must consider as true all of the evidence favorable to the plaintiff, together with all inferences that may be reasonably drawn therefrom and *disregard all conflicting evidence favorable to the defendant,* and such motion should not be sustained unless, on the basis of such consideration, it appears there is an *entire absence of proof showing plaintiff's right to recover."* (Emphasis added.)

The court in *Austin* notes further, at p. 903:

". . . [I]n ruling upon defendant's motion for a directed verdict, the trial court was not called upon to weigh all of the evidence, including that of the defendant, and determine in whose favor it preponderates.

*    *    *    *    *    *

". . . [P]laintiff did not have the burden of 'overcoming any and all opposing evidence . . .'; and, in determining the sufficiency of her evidence to withstand defendant's motion, *the trial court should not have even considered conflicting evidence unfavorable to her."* (Emphasis added.)

█ We are of the opinion the above proof by plaintiff was sufficient to make a prima facie case against defendant. All that must be proved are facts making it appear more probable that the injury came in whole, or in part, from defendant's neg-

ligence than from any other cause. This may be done by circumstantial evidence and the reasonable inferences to be drawn therefrom. *Weleetka Cotton Oil Co. v. Brookshire,* 65 Okl. 293, 166 P. 408 (1917).

Where there is any controverted question of fact, the determination of the matter is left solely for the trier of the facts. *Howell v. Olsen,* 452 P.2d 768 (Okl.1970); *Fletcher v. Meadow Gold Co.,* 472 P.2d 885 (Okl.1970).

The judgment of the trial court is hereby reversed and remanded for trial by jury.

Reversed and remanded.

ROMANG, P. J., and BOX, J., concur.