IN RE AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CIVIL
2022 OK 75
Decided: 09/20/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 75, __ P.3d __

 

 

ORDER ADOPTING AMENDMENTS TO 
OKLAHOMA UNIFORM JURY INSTRUCTIONS-CIVIL

¶1 The Court has reviewed the report and recommendations of the Oklahoma Supreme Court Committee for Uniform Jury Instructions for Civil Cases to adopt proposed amendments to existing jury instructions and to add new jury instructions codified as Instruction Nos. 1.10A, 1.14, 10.17, 11.9, 11.9A, and 31.5. The Court accepts the report and finds the revisions should be adopted as modified by the Court.

¶2 It is therefore ordered, adjudged and decreed that the revisions to the instructions shall be available for access via the internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts. Further, the District Courts of the State of Oklahoma are directed to implement these revisions effective thirty (30) days from the date of this Order.

¶3 It is therefore ordered, adjudged and decreed that the amendments to existing Oklahoma Uniform Jury Instructions-Civil (OUJI-CIV) Nos. 3.11A, 4.2, 4.3, 6.11, 6.16, 18.8, 18.9, 24.2, 24.3, 25.2, and 25.3, and the new proposed instructions, OUJI-CIV Nos. 1.10A, 1.14, 10.17, 11.9, 11.9A, and 31.5, their statutory authority, Committee Comments, and Notes on Use, as set out and attached to this Order, are hereby adopted. The Court authorizes the attached OUJI-CIV instructions, the updated Committee Comments, and Notes on Use, as modified by the Court, to be published.

¶4 The Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized instructions when it is called upon to afford corrective relief in any adjudicative context.

¶5 These amended instructions shall be effective thirty (30) days from the date this Order is filed with the Clerk of this Court.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 19th DAY OF SEPTEMBER, 2022.

/s/Chief Justice

ALL JUSTICES CONCUR.

 

 

Instruction No. 1.10A

Support Animal

The Court has allowed a support animal to be present in the courtroom. You must not allow the presence of a support animal to influence your decision in any way, and you should decide the case based solely on the evidence presented.

 

Instruction No. 1.14

Deadlocked Jury Charge

This case has taken approximately [Specify Number] hours of trial time. You have deliberated for approximately [Specify Number] hours. You report to me that you are experiencing difficulty in arriving at a verdict.

This is an important case and a serious matter to all concerned. You are the exclusive judges of the facts; the court is the judge of the law. You are now to return to your jury room and resume your deliberations. At least nine jurors must agree to reach a verdict. Further open and frank discussion of the evidence and law submitted to you in this case may aid you in arriving at a verdict.

The giving of this instruction at this time in no way means that it is more important than any other instruction. On the contrary, you should consider this instruction together with, and as part of, the instructions which I previously gave you.

In stating the foregoing, I again repeat: you are the judges of the facts; the court is the judge of the law. In making all statements made to you I have not, nor do I now, express or intimate, nor indicate in any way, the conclusions to be reached by you in this case, nor do I intend in any way or manner to coerce a verdict, nor directly or indirectly to force a verdict in this case. I only ask that you return to your jury room and, again, diligently and earnestly under your oaths resume your deliberations.

Committee Comments

This "Allen" charge is generally based on OUJI-CR 10-11.

 

Instruction No. 3.11A

Inference From Spoliation of Evidence

[Name of Party] had a duty to preserve [Specify Evidence] in this case and [Name of Party] destroyed/hid/[failed to preserve] the evidence. You may therefore conclude that the evidence would have been unfavorable to [Name of Party].

Notes on Use

This Instruction may be used if the court has imposed a sanction for spoliation of evidence. In order to give this Instruction, the trial court must first find that there was a duty to preserve the evidence in issue and that a party negligently or willfully destroyed, withheld, or failed to preserve the evidence . See America Honda Motor Co., Inc. v. Thygesen, 2018 OK 14, ¶¶ 3-4, 416 P.3d 1059, 1060 (sanctions for spoliation were not authorized where there was no duty to preserve the evidence); Barnett v. Simmons, 2008 OK 100, ¶ 27, 197 P.3d 12, 21 (trial court must determine whether party violated a duty to preserve evidence before imposing sanctions) ; Akins v. Ben Milam Heat, Air & Electric, 2019 OK CIV APP 52, ¶ 63 451 P.3d 168, 181 ("negligent . . . conduct does not warrant an adverse inference jury instruction") . This Instruction should be modified appropriately if the evidence was materially altered, instead of destroyed or withheld.

Committee Comments

Spoliation of evidence may result in the imposition of sanctions as well as an adverse inference at trial. See Barnett v. Simmons, 2008 OK 100, ¶ 19, 197 P.3d 12, 19 ("This Court has also held that severe sanctions may be imposed for reasonably foreseeable destruction of evidence, even when there is no discovery order in place"); Harrill v. Penn, 1927 OK 492, ¶ 8, 273 P. 235, 237, 134 Okla. 259 ("The willful destruction, suppression, alteration or fabrication of documentary evidence properly gives rise to the presumption that the documents, if produced, would be injurious to the one who has thus hindered the investigation of the facts."). An adverse inference instruction may appropriately be given because a reasonable inference may be drawn from spoliation of evidence that the evidence was unfavorable to the person who caused the spoliation, if the spoliation was willful. Alternatively, an adverse inference instruction may be imposed as a sanction. Except in extraordinary circumstances, sanctions may not be imposed for the loss of electronically stored information on account of the routine, good-faith operation of an electronic information system. 12 O.S. 2021, § 3237(G); America Honda Motor Co., Inc. v. Thygesen, 2018 OK 14, ¶ 2, 416 P.3d 1059, 1060.

 

Instruction No. 4.2

PERSONAL INJURIES --- MINOR CHILD ---

If you decide for [Plaintiff], you must then fix the amount of damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].

In fixing the amount you will award [Plaintiff], you may consider the following:

A. [His/Her] physical pain and suffering, past and future;

B. [His/Her] mental pain and suffering, past and future;

C. [His/Her] age;

D. [His/Her] physical condition immediately before and after the accident;

E. The nature and extent of [his/her] injuries;

F. Whether the injuries are permanent;

G. The physical impairment;

H. The disfigurement;

I. Impairment of earning capacity after [[Plaintiff] reaches the age of eighteen years]/[graduates from high school if [Plaintiff] is enrolled in and regularly attending high school and is less than twenty years old];

J. The reasonable expenses of the necessary medical care, treatment, and services, past and future required after [[Plaintiff] reaches the age of eighteen years]/[graduates from high school if [Plaintiff] is enrolled in and regularly attending high school and is less than twenty years old].

Notes on Use

Any of the items of damage included above which are not supported by the evidence should be omitted. Include any item allowed by law which is supported by the evidence and which is not listed above. If the parents have joined with the minor plaintiff to recover their damages, Instruction 4.3 should also be given with this instruction. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."

Comments

Atchison, T. & S.F.R.R. v. Coulson, 1962 OK 8, ¶¶ 34-35, 371 P.2d 914, 919 (loss of earning capacity); Hembree v. Southard, 1959 OK 91, ¶¶ 29-34, 339 P.2d 771, 777-78. Cf. Lone Star Gas Co. v. Parsons, 1932 OK 497, ¶ 26, 14 P.2d 369, 376, 159 Okla. 52, 59 (no evidence of impairment of earning capacity). See generally 23 O.S. 2021, § 61; 15 O.S. 2021, § 27.

A child is entitled to support by his or her parents until the child reaches the age of eighteen years, or graduates from high school. 43 O.S. 2021, § 112(E).

 

Instruction No. 4.3

PERSONAL INJURIES --- MINOR CHILD ---
MEASURE OF PARENT'S OR GUARDIAN'S DAMAGES

If you decide for [name of plaintiff's parent or guardian], you must then fix the amount of damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].

In fixing the amount you will award [name of plaintiff's parent or guardian], you may consider the following:

A. The reasonable expenses of the necessary medical care, treatment and services [he/she] has incurred in behalf of [name of minor child] or will incur in the future from now until [name of minor child] [reaches the age of eighteen years]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old];

B. Any loss of past earnings of [name of minor child];

C. Any future loss of earnings or impairment of earning capacity of [name of minor child] from now until [he/she] [ reaches the age of eighteen years]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old];

D. Any loss of past household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian];

E. Any loss of household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian] between now and the time [he/she] [ reaches the age of eighteen years]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old].

Notes on Use

Any of the items of damage included above which are not supported by the evidence should be omitted. Include any item allowed by law which is supported by the evidence and which is not listed above. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."

Comments

See Boyett v. Airline Lumber Co., 1954 OK 321, ¶¶ 15-17, 277 P.2d 676, 679-80. With respect to the items, elements and measures of damages for the death of an unmarried, minor child, see 12 O.S. 2021, § 1055.

A child is entitled to support by his or her parents until the child reaches the age of eighteen years, or graduates from high school. 43 O.S. 2021, § 112(E). A court may order a child's parents to provide support of the child for an indefinite period if the child requires substantial care and personal supervision because of a mental or physical disability. 43 O.S. 2021, § 112.1A (B). In that case, the trial court should modify this instruction appropriately.

A plaintiff's recovery may be subject to various liens, such as liens for attorney fees, hospital liens, physician's liens, or liens for Medicaid payments. See 5 O.S. 2021, § 6 (attorney's lien); 42 O.S. 2021, § 43 (hospital lien); 42 O.S. 2021, § 46 (physician's lien); 63 O.S. 2021, § 5051.1(D) (Medicaid lien); Edwards v. Ardent Health Servs., L.L.C., 2010 OK CIV APP 113, 243 P.3d 25 (OHCA lien for medical bills on settlement funds); Moss v. Wittmer, 2009 OK CIV APP 102, 228 P.3d 542. (same).

_

Instruction No. 6.11

APPARENT AUTHORITY DEFINITION AND EFFECT 

If either the words or conduct of [Name of Principal] has caused [Name of Plaintiff] reasonably to believe that [Name of Principal] had authorized [Name of Agent] to take certain action on behalf of [Name of Principal], though in fact [Name of Principal] may not have actually done so, the words or conduct of [Name of Principal] constituted apparent authority, and as to [Name of Plaintiff] were the same as if [Name of Principal] had authorized [Name of Agent] to take the action. The apparent authority of [Name of Agent] may not be based solely on the words or conduct of [Name of Agent]. In addition, [Name of Plaintiff] must have changed position to [his/her] detriment in reliance on the apparent authority of [Name of Agent].

Notes on Use

This instruction should not be used when the principal is undisclosed, since by the definition of apparent authority, it cannot exist when the principal is undisclosed. Such may not be true when the principal is partially disclosed, as in the case of a partnership where the third person is dealing with the partnership and knows some of its members but not all of them.

The rule of apparent authority should not be confused with the rules governing implied or incidental authority. See Instructions 6.9 and 6.10.

The trial court should substitute the name of a defendant or another person for [Name of Plaintiff] in this Instruction in appropriate circumstances.

Comments

The Oklahoma Supreme Court set out the requirements for apparent authority in Sparks Brothers Drilling Co. v. Texas Moran Exploration Co., 1991 OK 129, ¶ 17, 829 P.2d 951, 954, as follows:

"Apparent authority" of an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. [Citation omitted]. Three elements must exist before a third party can hold a principal liable for the acts of another on an apparent-agency principal: " (a) conduct of the principal [which would reasonably lead the third party to believe that the agent was authorized to act on behalf of the principal], (b) reliance thereon by [the] third person, and (c) change of position by the third party to his detriment."

See also Weldon v. Seminole Mun. Hosp., 1985 OK 94, ¶¶ 4, 7, 8, 709 P.2d 1058, 1059--1060 (designating the theory as either ostensible agency or agency by estoppel); Ocean Accident & Guar. Corp. v. Denner, 1952 OK 395, ¶ 14, 250 P.2d 217, 220--21 (describing the theory in estoppel terms ). For a discussion of apparent authority and agency by estoppel, see Sanders v. Cole, 2019 OK CIV APP 71, ¶¶ 37-47, 454 P.3d 761, 773-776.

 

Instruction No. 6.16

EMPLOYER LIABILITY - SUBSTANTIAL CERTAINTY TEST 

For [Plaintiff] to recover from [Defendant] for his/her injury, [Plaintiff] must prove by the greater weight of the evidence:

1. The conduct of [Defendant] was intentional; and

2. [Defendant]'s conduct caused injury to [Plaintiff]; and

3. Either:

A. [Defendant] desired to bring about the injury; or

B. [Defendant] knew that injury to [Plaintiff] was substantially certain, and not merely likely, to occur.

You may infer the knowledge of [Defendant] from the conduct of [Defendant] and all the surrounding circumstances.

Notes on Use

If either of the alternatives in Paragraph 3 is not supported by the evidence, that alternative should be omitted.

Committee Comments

This Instruction is based on Parret v. Unicco Serv. Co., 2005 OK 54, ¶ 24, 127 P.3d 572, 579:

In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.

The Oklahoma Legislature responded to the Parret decision with a statutory amendment that provided in pertinent part: "Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort." See 85A O.S. 2021, § 5(B)(2). However, in Wells v. Oklahoma Roofing & Sheet Metal, 2019 OK 45, ¶¶ 23-24, 457 P.3d 1020, 1029, the Oklahoma Supreme Court decided that intentional torts were not within the workers' compensation law, and that intentional torts included injuries that an employer knew were substantially certain to occur.

 

Instruction No. 10.17

EVIDENCE OF NONUSE OF SEAT BELT

[An operator of]/[A passenger in the front seat of] a vehicle is required to wear a seat belt. [Defendant] has the burden of showing by the greater weight of the evidence that [Plaintiff] was not wearing a seat belt at the time of the collision and that some or all of [Plaintiff's] personal injuries, if any, were directly caused by [his/her] failure to wear a seat belt.

If you find that [Plaintiff] was not wearing a seat belt at the time of the collision and you are able to separate the personal injuries that were due to the failure to wear the seat belt, then [Defendant] is not liable for the personal injuries directly caused by [Plaintiff's] failure to wear a seat belt.

If you are not able to separate the personal injuries that were due to the failure to wear the seat belt, [Defendant] is liable for all the personal injuries to [Plaintiff].

Notes on Use

The trial court should modify this Instruction as appropriate if the plaintiff admits to not wearing a seat belt. The trial court should also revise the instruction appropriately if death occurred.

Committee Comments

Under 47 O. S. 2021, § 12-420, evidence of the nonuse of seat belts is admissible. It provides: "[The] use or nonuse of seat belts shall be submitted into evidence in any civil suit in Oklahoma unless the plaintiff in such suit is a child under sixteen (16) years of age." Before the statute was amended in 2009, it provided that evidence of seat belt use or nonuse was not admissible, even though the Oklahoma Mandatory Seat Belt Use Act, 47 O. S. 2021, §§ 12-416 - 12-420, required all drivers and front seat passengers to use seat belts. See Comer v. Preferred Risk Mut. Ins. Co., 1999 OK 86, ¶ 20, 991 P.2d 1006-1007 (statute previously prohibited admission of seat belt use into evidence).

This Instruction is similar to No. 9.8B, Liability for Increased Harm -- Products Liability, for secondary impact cases in that it allocates damages between the parties based on the respective causes of the injuries.

 

Instruction No. 11.9

LANDLORD'S DUTY TO TENANT -- IN GENERAL

A lessor/landlord has a duty of care to a lessee/tenant to maintain the leased premises, including areas under the exclusive control or use of the lessee/tenant, in a reasonably safe condition. A lessor/landlord is required to act reasonably when the lessor/landlord knows or reasonably should know of a defective condition and has a reasonable opportunity to make repairs.

Notes on Use

This is a general instruction on a residential landlord's duty of care to a tenant to maintain premises in a reasonably safe condition and act reasonably to correct a defective condition on the premises that the landlord knows or reasonably should know of. Instruction No. 11.9A, infra, should be used if the premises has latent defects that the tenant is not aware of.

Committee Comments

This Instruction is based on Saunders v. Smothers, 2019 OK 54, ¶ 23, 454 P.3d 746, 753.

 

Instruction No. 11.9A

LESSOR'S LIABILITY FOR INJURY FROM A LATENT DEFECT

A [lessor/landlord] is liable for any [injuries/losses] to a [lessee/tenant] [or to another on the premises with the [lessee's/tenant's] permission] resulting from a defect in the premises if you find that the following have been established:

1. The defect was known or in the use of ordinary care should have been known by the [lessor/landlord];

2. The defect caused an unreasonable risk of danger or harm to the [lessee/tenant] [or his property] [or to others on the premises with the [lessee's/tenant's] permission];

3. Such [injuries/losses] were directly caused by the [lessor's/landlord's] failure to exercise ordinary care to warn the [lessee/tenant] of the defect;

4. The defect was not obvious or plainly visible;

5. The [lessee/tenant] was unaware of the defect; and

6. The [injury/loss] occurred before the tenant could, by using ordinary care, discover the defect.

Notes on Use

The instruction states the basic rule concerning the liability of a lessor for injuries caused by a latent defect of which he had knowledge or which, because of knowledge of other facts, he had notice of and should have been aware of as a reasonably prudent person. This instruction does not apply where the leased premises are to be opened to the public and the lessor is aware of such fact. Neither is the instruction applicable in a situation where the plaintiff is seeking relief for the landlord's negligent failure to perform a covenant to repair or for the landlord's negligence in making repairs he is voluntarily undertaking to make.

Comments

Jackson v. Land, 1964 OK 102, ¶ 0, 391 P.2d 904 ("The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.") (Syllabus by the Court); Watson v. McSoud, 1977 OK CIV APP 64, ¶ 6, 566 P.2d 171, 172. See also King v. Collins, 1942 OK 201, ¶ 5, 126 P.2d 76, 77 , 190 Okla. 601, 602; Price v. MacThwaite Oil & Gas Co., 1936 OK 562, ¶ 14, 61 P.2d 177, 180, 177 Okla. 495, 498; Lavery v. Brigance, 1925 OK 702, 242 P. 239, 241, 122 Okla. 31, 33.

 

Instruction No. 18.8

STATEMENTS ABOUT THE FUTURE 
AS FALSE REPRESENTATIONS

To constitute actionable fraud, false representations must generally relate to present or pre-existing fact, and cannot ordinarily be predicated on representations or statements which involve matters that [(may)/(may not)] occur in the future. However, if a promise about the future is made with an intention not to perform it, and is made for the purpose of deceiving the person to whom it was made, and inducing [him/her] to act, the promise constitutes fraud.

Notes on Use

When appropriate, this instruction should be given in conjunction with Instruction 18.3, "False Representation- Defined."

Comments

Beatrice Creamery Co. v. Goldman, 1935 OK 1192, ¶ 20, 52 P.2d 1033, 1036, 175 Okla. 300, 303. See also United States v. Stanolind Crude Oil Purchasing Co.,113 F.2d 194, 201(10th Cir. 1940). The second sentence is supported by the following cases: Citation Co. Realtors, Inc. v. Lyon, 1980 OK 68, ¶ 8, 610 P.2d 788, 790-91; State ex. rel. Southwestern Bell Tel. Co. v. Brown, 1974 OK 19, ¶ 20, 519 P.2d 491, 495; Smith v. Roederer, 1973 OK 113, ¶ 19, 516 P.2d 257, 261; Haggerty v. Key, 1924 OK 715, ¶ 18, 229 P. 548, 551, 100 Okla. 238, 241-42; Rogers v. Harris, 1919 OK 301, ¶ 14, 184 P. 459, 461, 76 Okla. 215, 218; McLean v. Southwestern Casualty Ins. Co., 1915 OK 987, ¶ 5, 159 P. 660, 662, 61 Okla. 79, 81.

 

Instruction No. 18.9

STATEMENTS OF LAW AS FALSE

REPRESENTATIONS

A statement about the law or about the legal effect or consequence of a [(course of conduct)/(document)] does not constitute a false representation of a past or present fact unless

[1. It is an intentionally false statement about the past or present law, and the parties are in a [confidential/fiduciary] relationship], or

[2. It is an intentionally false statement about the past or present law, and the person making the statement has or professes to have special or superior knowledge about the law, and such knowledge is not reasonably available to the person to whom the statement is made.]

Notes on Use

Only those bracketed portions of this instruction should be used as are appropriate to the evidence in the case.

When appropriate, this instruction should be given in conjunction with instruction 18.3. "False Representation- Defined."

Comments

The general rule stated in the first paragraph is found in First Nat'l Bank & Trust Co. v. Muskogee District House, 1963 OK 130, ¶ 12, 382 P.2d 137, 139; Graff v. Holliday, 1935 OK 630, ¶ 12, 45 P.2d 1065, 1067, 172 Okla. 503, 505; Horton v. Foley, 1923 OK 1036, ¶¶ 2-3, 220 P. 907, 908-09, 94 Okla. 9, 11. The exception numbered 1 is derived by implication from the general rule that one who is in a confidential relationship with another and through that relationship secures an undue advantage, will have such transaction scrutinized and set aside on account of fraud. Looney v. Chastain, 1964 OK 198, ¶ 12, 395 P.2d 571, 574; Hamburg v. Doak, 1952 OK 442, ¶¶ 20-22, 251 P.2d 510, 514, 207 Okla. 517, 521-22; Walden v. Elrod, 72 F.R.D. 5, 15 (W.D. Okla. 1976) . For support of exception 2, see Equity Life Ass'n v. Willis, 1940 OK 442, ¶ 8, 108 P.2d 110, 111, 188 Okla. 265, 266; National Aid Life Ass'n v. Krow, 1940 OK 427, ¶ 8, 107 P.2d 177, 179, 188 Okla. 163, 164; Ford Motor Credit Co. v. Milburn, 615 F.2d 892, 895 (10th Cir. 1980).

 

CHAPTER TWENTY FOUR

INTERFERENCE WITH CONTRACT

List Of Contents

Instruction No. 24.1 Interference with Contract --- Elements

Instruction No. 24.2 . Interference with [Prospective] Business Relationship -- Elements

Instruction No. 24.3 Interference with Contract -- Definition 

Instruction No. 24.4 Interference with Contract --- Improper or Unfair Means 

Instruction No. 24.5 Interference with Contract --- Damages

 

Instruction No. 24.2

Instruction No. 24.2

Interference with [Prospective] Business Relationship--- Elements

[Plaintiff] claims that [he/she/it] had a [prospective] business relationship with [Third Party]. [Plaintiff] also claims that [Defendant] intentionally and wrongfully interfered with this [prospective] business relationship, and that [he/she/it] suffered damages as a direct result. In order to win on the claim of intentional interference with a [prospective] business relationship, [Plaintiff] must show by the weight of the evidence that:

1. [Plaintiff] had a [prospective] business relationship with [Third Party];

2. [Defendant] knew [or under the circumstances reasonably should have known] about the [prospective] business relationship;

3. [Defendant] interfered with the [prospective] business relationship by:

causing [Third Party] not to [enter into]/[continue] the [prospective] business relationship;

OR

preventing [Plaintiff] from [entering into]/[continuing] the [prospective] business relationship.

4. [Defendant]'s conduct was intentional;

5. [Defendant] used improper or unfair means; and

6. [Plaintiff] suffered damages as a direct result of [Defendant]'s actions.

Notes on Use

This Instruction should be used in a case where a plaintiff seeks recovery for intentional interference with a business relationship or prospective business relationship that has not been reduced to a contract. For an enumeration of factors to consider for improper or unfair means, see OUJI 24.2, infra. For a definition of intentional conduct, see OUJI No. 9.52, supra.

Comments

Oklahoma courts have recognized claims for intentional interference with a prospective contractual relation under RESTATEMENT (SECOND) § 766B. Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd., 2009 OK 12, ¶ 11, 204 P.3d 69, 73. Section 766B provides:

One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of

(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
(b) preventing the other from acquiring or continuing the prospective relation.

 

Instruction No. 24.3

Instruction No. 24.3 

Interference with Contract --- Improper or Unfair Means

Whether the defendant's conduct was improper or unfair depends upon your consideration of all the facts and circumstances of the case, and a balancing of the following factors:

1. The nature of the defendant's conduct;

2. The defendant's motive;

3. The interests of the plaintiff with which the defendant's conduct interfered;

4. The interests sought to be advanced by the defendant;

5. The social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff;

6. The proximity or remoteness of the defendant's conduct to the interference claimed by the plaintiff; and

7. The relationship among the plaintiff, _______ [name of breaching party], and the defendant.

Comments

This Instruction is based on language that the Oklahoma Supreme Court quoted with approval in Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd., 2009 OK 12, n.6, 204 P.3d 69, 74. The Oklahoma Supreme Court held in Loven v. Church Mut. Ins. Co., 2019 OK 68, ¶ 21, 352 P.3d 418, 426, that "like the tort of current or present business interference . . . the element of intentional interference clearly requires a showing of bad faith." The Supreme Court noted in Tuffy's Inc. v. City of Oklahoma City, 2009 OK 4, ¶15, 212 P.3d 1158, 1165, that the requirements in the Oklahoma Uniform Jury Instructions of "a showing of intentional action using unfair or improper means . . . contain some degree of bad faith on the part of the tortfeasor." Accordingly, this Instruction is consistent with the Loven case even though it does not expressly refer to bad faith.

 

Instruction No. 25.2

CONDEMNATION --- JUST COMPENSATION --- FULL TAKING

The term "just compensation" means the payment to [Owner] for the taking of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this means the fair market value of the property on __________, the date of the taking [plus reasonable and necessary moving expenses]. The property includes the land and any buildings or other things that are attached to the land.

Notes on Use

This Instruction should be used only when all of a particular property is condemned so that there are no problems involving the effect of the taking on the valuation of any remaining property. It should be given along with Instruction No. 25.5, "Fair Market Value- Definition," and other appropriate Instructions. The bracketed language in the second sentence that refers to moving expenses should be included if the plaintiff is seeking moving expenses. See State ex rel. Department of Transp. v. Little, 2004 OK 74, ¶¶ 18, 25, 100 P3d 707, 717, 720.

Comments

The 1990 amendment to Okla. Const. Art. 2, § 24 provides in pertinent part: " Just compensation shall mean the value of the property taken . . . ." Oklahoma cases decided prior to this amendment used fair market value as the standard for just compensation. E.g., Grand Hydro v. Grand River Dam Auth., 1943 OK 158, ¶ 8, 139 P.2d 798, 800, 192 Okla. 693, 694 ("The measure of compensation in [a condemnation proceeding] is the fair market or cash value of the land condemned.").

 

Instruction No. 25.3

CONDEMNATION --- JUST COMPENSATION --- PARTIAL TAKING

This is a case in which [Condemnor] is taking only a part of [Owner's] property, and it is sometimes referred to as a "partial taking" case. In a partial taking case, the term "just compensation" means the payment to [Owner] for the taking of a part of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this means the fair market value of the part of the property that was taken on __________, the date of the taking, plus any injury to the property left remaining after the taking. The property that was taken is [describe the property that was taken], and the property left remaining after the taking is [describe the remaining property]. The property includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads.

Injury to the remaining property is the damage, if any, caused by:

1. The separation of the part taken from the remaining property;

2. The loss [or impairment] of a right of access to the [street/road/highway] that previously abutted [Owner's] property; [and]

3. The construction [and/or] use of the [describe the project] on the property being taken.

In determining the injury to the remaining property, you may subtract any increase in its value that will result from any features of the project that will benefit the remaining property. However, the increase in value to the remaining property can never exceed the damage to it. In other words, you may offset an increase in the value of the remaining property against any injury to the remaining property, but you may not offset an increase in the value of the remaining property against the value of the property that was taken.

Notes on Use

This Instruction should be used in cases involving a partial taking. It should be given along with Instruction No. 25.5, entitled "Fair Market Value- Definition," and other appropriate Instructions. The trial judge should include items 1, 2, and/or 3 in the second paragraph, depending on the type of injury to the remaining property that is alleged.

Comments

The Oklahoma Supreme Court decided that this Instruction was "a correct statement of the law" in Williams Natural Gas Co. v. Perkins, 1997 OK 72, ¶ 13, 952 P.2d 483, 488, under Okla. Const. art. 2, § 24, despite conflicting language in 66 O.S. 2021, § 53(D).

 

Instruction No. 31.5

CONTEMPT OF COURT - VERDICT FORM

IN THE DISTRICT COURT OF ____________ COUNTY,

STATE OF OKLAHOMA

 
 
 
 
 _________________ )
 Plaintiff/Petitioner, )
 

 vs.
 
 
  
 
 
  
 
 
 
 
 
 ___________________)
 Defendant/Respondent )
 
 
 
  
 
 
 CASE NO.
 
 
 

 

VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find as follows:

(Check and complete either 1 or 2 below but not both)

1. ____ [Name] is guilty of contempt of court.

2. ____ [Name] is not guilty of contempt of court.

_________________________ _________________________

Foreperson

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

Committee Comments

Although the defendant in a contempt proceeding has the right to a trial by jury, the jury's role is limited to determine guilt or innocence, and it is the duty of the judge to fix the punishment. Okla. Const. Art. 2, § 25; Dodd v. Dodd, 1959 OK 247, ¶¶ 8-9, 347 P.2d 786, 787-78.

 

 

 

Instruction No. 1.10A

Support Animal

The Court has allowed a support animal to be present in the courtroom. You must not allow the presence of a support animal to influence your decision in any way, and you should decide the case based solely on the evidence presented.

 

Instruction No. 1.14

Deadlocked Jury Charge

This case has taken approximately [Specify Number] hours of trial time. You have deliberated for approximately [Specify Number] hours. You report to me that you are experiencing difficulty in arriving at a verdict.

This is an important case and a serious matter to all concerned. You are the exclusive judges of the facts; the court is the judge of the law. You are now to return to your jury room and resume your deliberations. At least nine jurors must agree to reach a verdict. Further open and frank discussion of the evidence and law submitted to you in this case may aid you in arriving at a verdict.

The giving of this instruction at this time in no way means that it is more important than any other instruction. On the contrary, you should consider this instruction together with, and as part of, the instructions which I previously gave you.

In stating the foregoing, I again repeat: you are the judges of the facts; the court is the judge of the law. In making all statements made to you I have not, nor do I now, express or intimate, nor indicate in any way, the conclusions to be reached by you in this case, nor do I intend in any way or manner to coerce a verdict, nor directly or indirectly to force a verdict in this case. I only ask that you return to your jury room and, again, diligently and earnestly under your oaths resume your deliberations.

Committee Comments

This "Allen" charge is generally based on OUJI-CR 10-11.

 

Instruction No. 3.11A

Inference From Spoliation of Evidence

[Name of Party] had a duty to preserve [Specify Evidence] in this case and [Name of Party] destroyed/hid/[failed to preserve] the evidence. You may therefore conclude that the evidence would have been unfavorable to [Name of Party].

Notes on Use

This Instruction may be used if the court has imposed a sanction for spoliation of evidence. In order to give this Instruction, the trial court must first find that there was a duty to preserve the evidence in issue and that a party negligently or willfully destroyed, withheld, or failed to preserve the evidence . See America Honda Motor Co., Inc. v. Thygesen, 2018 OK 14, ¶¶ 3-4, 416 P.3d 1059, 1060 (sanctions for spoliation were not authorized where there was no duty to preserve the evidence); Barnett v. Simmons, 2008 OK 100, ¶ 27, 197 P.3d 12, 21 (trial court must determine whether party violated a duty to preserve evidence before imposing sanctions) ; Akins v. Ben Milam Heat, Air & Electric, 2019 OK CIV APP 52, ¶ 63 451 P.3d 168, 181 ("negligent . . . conduct does not warrant an adverse inference jury instruction") . This Instruction should be modified appropriately if the evidence was materially altered, instead of destroyed or withheld.

Committee Comments

Spoliation of evidence may result in the imposition of sanctions as well as an adverse inference at trial. See Barnett v. Simmons, 2008 OK 100, ¶ 19, 197 P.3d 12, 19 ("This Court has also held that severe sanctions may be imposed for reasonably foreseeable destruction of evidence, even when there is no discovery order in place"); Harrill v. Penn, 1927 OK 492, ¶ 8, 273 P. 235, 237, 134 Okla. 259 ("The willful destruction, suppression, alteration or fabrication of documentary evidence properly gives rise to the presumption that the documents, if produced, would be injurious to the one who has thus hindered the investigation of the facts."). An adverse inference instruction may appropriately be given because a reasonable inference may be drawn from spoliation of evidence that the evidence was unfavorable to the person who caused the spoliation, if the spoliation was willful. Alternatively, an adverse inference instruction may be imposed as a sanction. Except in extraordinary circumstances, sanctions may not be imposed for the loss of electronically stored information on account of the routine, good-faith operation of an electronic information system. 12 O.S. 2021, § 3237(G); America Honda Motor Co., Inc. v. Thygesen, 2018 OK 14, ¶ 2, 416 P.3d 1059, 1060.

 

Instruction No. 4.2

PERSONAL INJURIES --- MINOR CHILD ---

If you decide for [Plaintiff], you must then fix the amount of damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].

In fixing the amount you will award [Plaintiff], you may consider the following:

A. [His/Her] physical pain and suffering, past and future;

B. [His/Her] mental pain and suffering, past and future;

C. [His/Her] age;

D. [His/Her] physical condition immediately before and after the accident;

E. The nature and extent of [his/her] injuries;

F. Whether the injuries are permanent;

G. The physical impairment;

H. The disfigurement;

I. Impairment of earning capacity reaching the age of eighteen years after [[Plaintiff] reaches the age of eighteen years ]/[graduates from high school if

[Plaintiff] is enrolled in and regularly attending high school and is less than twenty years old];

J. The reasonable expenses of the necessary medical care, treatment, and
services, past and future required after reaching the age of eighteen years [[Plaintiff] reaches the age of eighteen years ]/[graduates from high school if [Plaintiff] is enrolled in and regularly attending high school and is less than twenty years old].

Notes on Use

Any of the items of damage included above which are not supported by the evidence should be omitted. Include any item allowed by law which is supported by the evidence and which is not listed above. If the parents have joined with the minor plaintiff to recover their damages, Instruction 4.3 should also be given with this instruction. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."

Comments

Atchison, T. & S.F.R.R. v. Coulson, 1962 OK 8, ¶¶ 34-35, 371 P.2d 914, 919 (loss of earning capacity); Hembree v. Southard, 1959 OK 91, ¶¶ 29-34, 339 P.2d 771, 777-78. Cf. Lone Star Gas Co. v. Parsons, 1932 OK 497, ¶ 26, 14 P.2d 369, 376, 159 Okla. 52, 59 (no evidence of impairment of earning capacity). See generally 23 O.S. 2021, § 61; 15 O.S. 2021, § 27.

A child is entitled to support by his or her parents until the child reaches the age of eighteen years, or graduates from high school. 43 O.S. 2021, § 112(E).

 

Instruction No. 4.3

PERSONAL INJURIES --- MINOR CHILD ---
MEASURE OF PARENT'S OR GUARDIAN'S DAMAGES

If you decide for [name of plaintiff's parent or guardian], you must then fix the amount of damages. This is the amount of money that will reasonably and fairly compensate [him/her] for the injuries sustained as a result of the [negligence/(wrongful conduct)] of [Defendant].

In fixing the amount you will award [name of plaintiff's parent or guardian], you may consider the following:

A. The reasonable expenses of the necessary medical care, treatment and services [he/she] has incurred in behalf of [name of minor child] or will incur in the future from now until [name of minor child] [reaches the age of eighteen years ]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old];

B. Any loss of past earnings of [name of minor child];

C. Any future loss of earnings or impairment of earning capacity of [name of minor child] from now until [he/she] [ reaches the age of eighteen years ]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old];

D. Any loss of past household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian];

E. Any loss of household and similar services which [name of minor child] would have given [name of plaintiff's parent or guardian] between now and the time [he/she] [ reaches the age of eighteen years ]/[graduates from high school if the child is enrolled in and regularly attending high school and is less than twenty years old].

Notes on Use

Any of the items of damage included above which are not supported by the evidence should be omitted. Include any item allowed by law which is supported by the evidence and which is not listed above. "Wrongful conduct" should be replaced by an appropriate term such as "intentional misconduct."

Comments

See Boyett v. Airline Lumber Co., 1954 OK 321, ¶¶ 15-17, 277 P.2d 676, 679-80. With respect to the items, elements and measures of damages for the death of an unmarried, minor child, see 12 O.S. 2021, § 1055.

A child is entitled to support by his or her parents until the child reaches the age of eighteen years, or graduates from high school. 43 O.S. 2021, § 112(E). A court may order a child's parents to provide support of the child for an indefinite period if the child requires substantial care and personal supervision because of a mental or physical disability. 43 O.S. 2021, § 112.1A (B). In that case, the trial court should modify this instruction appropriately.

A plaintiff's recovery may be subject to various liens, such as liens for attorney fees, hospital liens, physician's liens, or liens for Medicaid payments. See 5 O.S. 2021, § 6 (attorney's lien); 42 O.S. 2021, § 43 (hospital lien); 42 O.S. 2021, § 46 (physician's lien); 63 O.S. 2021, § 5051.1(D) (Medicaid lien); Edwards v. Ardent Health Servs., L.L.C., 2010 OK CIV APP 113, 243 P.3d 25 (OHCA lien for medical bills on settlement funds); Moss v. Wittmer, 2009 OK CIV APP 102, 228 P.3d 542. (same). 

 

Instruction No. 6.11

APPARENT AUTHORITY DEFINITION AND EFFECT 

If either the words or conduct of [Name of Principal] has caused [Name of Plaintiff] reasonably to believe that [Name of Principal] had authorized [Name of Agent] to take certain action on behalf of [Name of Principal], though in fact [Name of Principal] may not have actually done so, the words or conduct of [Name of Principal] constituted apparent authority, and as to [Name of Plaintiff] were the same as if [Name of Principal] had authorized [Name of Agent] to take the action. The apparent authority of [Name of Agent] may not be based solely on the words or conduct of [Name of Agent]. In addition, [Name of Plaintiff] must have changed position to [his/her] detriment in reliance on the apparent authority of [Name of Agent].

Notes on Use

This instruction should not be used when the principal is undisclosed, since by the definition of apparent authority, it cannot exist when the principal is undisclosed. Such may not be true when the principal is partially disclosed, as in the case of a partnership where the third person is dealing with the partnership and knows some of its members but not all of them.

The rule of apparent authority should not be confused with the rules governing implied or incidental authority. See Instructions 6.9 and 6.10.

The trial court should substitute the name of a defendant or another person for [Name of Plaintiff] in this Instruction in appropriate circumstances.

Comments

The Oklahoma Supreme Court set out the requirements for apparent authority in Sparks Brothers Drilling Co. v. Texas Moran Exploration Co., 1991 OK 129, ¶ 17, 829 P.2d 951, 954, as follows:

"Apparent authority" of an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. [Citation omitted]. Three elements must exist before a third party can hold a principal liable for the acts of another on an apparent-agency principal: " (a) conduct of the principal [which would reasonably lead the third party to believe that the agent was authorized to act on behalf of the principal], (b) reliance thereon by [the] third person, and (c) change of position by the third party to his detriment. " (Citations omitted).

See also Weldon v. Seminole Mun. Hosp., 1985 OK 94, ¶¶ 4, 7, 8, 709 P.2d 1058, 1059--1060 (designating the theory as either ostensible agency or agency by estoppel); Ocean Accident & Guar. Corp. v. Denner, 1952 OK 395, ¶ 14, 250 P.2d 217, 220--21 (describing the theory in estoppel terms ). For a discussion of apparent authority and agency by estoppel, see Sanders v. Cole, 2019 OK CIV APP 71, ¶¶ 37-47, 454 P.3d 761, 773-776.

 

Instruction No. 6.16

EMPLOYER LIABILITY - SUBSTANTIAL CERTAINTY TEST 

For [Plaintiff] to recover from [Defendant] for his/her injury, [Plaintiff] must prove by the greater weight of the evidence:

1. The conduct of [Defendant] was intentional; and

2. [Defendant]'s conduct caused injury to [Plaintiff]; and

3. Either:

A. [Defendant] desired to bring about the injury; or

B. [Defendant] knew that injury to [Plaintiff] was substantially certain, and not merely likely, to occur.

You may infer the knowledge of [Defendant] from the conduct of [Defendant] and all the surrounding circumstances.

Notes on Use

If either of the alternatives in Paragraph 3 is not supported by the evidence, that alternative should be omitted.

Committee Comments

This Instruction is based on Parret v. Unicco Serv. Co., 2005 OK 54, ¶ 24, 127 P.3d 572, 579:

In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated. In most cases, however, it will be necessary to demonstrate the employer's subjective realization by circumstantial evidence. Thus, an employer's knowledge may be inferred from the employer's conduct and all the surrounding circumstances.

The Oklahoma Legislature responded to the Parret decision with a statutory amendment that provided in pertinent part: "Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort." See 85A O.S. 2021, § 5(B)(2). However, in Wells v. Oklahoma Roofing & Sheet Metal, 2019 OK 45, ¶¶ 23-24, 457 P.3d 1020, 1029, the Oklahoma Supreme Court decided that intentional torts were not within the workers' compensation law, and that intentional torts included injuries that an employer knew were substantially certain to occur.

 

Instruction No. 10.17

EVIDENCE OF NONUSE OF SEAT BELT

[An operator of]/[A passenger in the front seat of] a vehicle is required to wear a seat belt. [Defendant] has the burden of showing by the greater weight of the evidence that [Plaintiff] was not wearing a seat belt at the time of the collision and that some or all of [Plaintiff's] personal injuries, if any, were directly caused by [his/her] failure to wear a seat belt.

If you find that [Plaintiff] was not wearing a seat belt at the time of the collision and you are able to separate the personal injuries that were due to the failure to wear the seat belt, then [Defendant] is not liable for the personal injuries directly caused by [Plaintiff's] failure to wear a seat belt.

If you are not able to separate the personal injuries that were due to the failure to wear the seat belt, [Defendant] is liable for all the personal injuries to [Plaintiff].

Notes on Use

The trial court should modify this Instruction as appropriate if the plaintiff admits to not wearing a seat belt. The trial court should also revise the instruction appropriately if death occurred.

Committee Comments

Under 47 O. S. 2021, § 12-420, evidence of the nonuse of seat belts is admissible. It provides: "[The] use or nonuse of seat belts shall be submitted into evidence in any civil suit in Oklahoma unless the plaintiff in such suit is a child under sixteen (16) years of age." Before the statute was amended in 2009, it provided that evidence of seat belt use or nonuse was not admissible, even though the Oklahoma Mandatory Seat Belt Use Act, 47 O. S. 2021, §§ 12-416 - 12-420, required all drivers and front seat passengers to use seat belts. See Comer v. Preferred Risk Mut. Ins. Co., 1999 OK 86, ¶ 20, 991 P.2d 1006-1007 (statute previously prohibited admission of seat belt use into evidence).

This Instruction is similar to No. 9.8B, Liability for Increased Harm -- Products Liability, for secondary impact cases in that it allocates damages between the parties based on the respective causes of the injuries.

 

Instruction No. 11.9

LANDLORD'S DUTY TO TENANT -- IN GENERAL

A lessor/landlord has a duty of care to a lessee/tenant to maintain the leased premises, including areas under the exclusive control or use of the lessee/tenant, in a reasonably safe condition. A lessor/landlord is required to act reasonably when the lessor/landlord knows or reasonably should know of a defective condition and has a reasonable opportunity to make repairs.

Notes on Use

This is a general instruction on a residential landlord's duty of care to a tenant to maintain premises in a reasonably safe condition and act reasonably to correct a defective condition on the premises that the landlord knows or reasonably should know of. Instruction No. 11.9A, infra, should be used if the premises has latent defects that the tenant is not aware of.

Committee Comments

This Instruction is based on Saunders v. Smothers, 2019 OK 54, ¶ 23, 454 P.3d 746, 753.

 

Instruction No. 11.9A

LESSOR'S LIABILITY FOR INJURY FROM A LATENT DEFECT

A [lessor/landlord] is liable for any [injuries/losses] to a [lessee/tenant] [or to another on the premises with the [lessee's/tenant's] permission] resulting from a defect in the premises if you find that the following have been established:

1. The defect was known or in the use of ordinary care should have been known by the [lessor/landlord];

2. The defect caused an unreasonable risk of danger or harm to the [lessee/tenant] [or his property] [or to others on the premises with the [lessee's/tenant's] permission];

3. Such [injuries/losses] were directly caused by the [lessor's/landlord's] failure to exercise ordinary care to warn the [lessee/tenant] of the defect;

4. The defect was not obvious or plainly visible;

5. The [lessee/tenant] was unaware of the defect; and

6. The [injury/loss] occurred before the tenant could, by using ordinary care, discover the defect.

Notes on Use

The instruction states the basic rule concerning the liability of a lessor for injuries caused by a latent defect of which he had knowledge or which, because of knowledge of other facts, he had notice of and should have been aware of as a reasonably prudent person. This instruction does not apply where the leased premises are to be opened to the public and the lessor is aware of such fact. Neither is the instruction applicable in a situation where the plaintiff is seeking relief for the landlord's negligent failure to perform a covenant to repair or for the landlord's negligence in making repairs he is voluntarily undertaking to make.

Comments

Jackson v. Land, 1964 OK 102, ¶ 0, 391 P.2d 904 , 906 (Okla. 1964) ("The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.") (Syllabus by the Court); Watson v. McSoud, 1977 OK CIV APP 64, ¶ 6, 566 P.2d 171, 172 (Okla. Ct. App. 1977). See also King v. Collins, 1942 OK 201, ¶ 5, 190 Okla. 601, 602, 126 P.2d 76, 77 , 190 Okla. 601, 602 (1942); Price v. MacThwaite Oil & Gas Co., 1936 OK 562, ¶ 14, 177 Okla. 495, 498, 61 P.2d 177, 180, 177 Okla. 495, 498 (1936); Lavery v. Brigance, 1925 OK 702, 122 Okla. 31, 33, 242 P. 239, 241, 122 Okla. 31, 33 (1925).

 

Instruction No. 18.8

STATEMENTS ABOUT THE FUTURE 

AS FALSE REPRESENTATIVES REPRESENTATIONS

To constitute actionable fraud, false representations must generally relate to

present or pre-existing fact, and cannot ordinarily be predicated on representations or statements which involve matters that [(may)/(may not)] occur in the future. However, if a promise about the future is made with an intention not to perform it, and is made for the purpose of deceiving the person to whom it was made, and inducing [him/her] to act, such actions constitute the promise constitutes fraud.

Notes on Use

When appropriate, this instruction should be given in conjunction with Instruction 18.3, "False Representation- Defined."

Comments

Beatrice Creamery Co. v. Goldman, 1935 OK 1192, ¶ 20, 175 Okla. 300, 303, 52 P.2d 1033, 1036, 175 Okla. 300, 303 (1936). See also United States v. Stanolind Crude Oil Purchasing Co.,113 F.2d 194, 201(10th Cir. 1940). The second sentence is supported by the following cases: Citation Co. Realtors, Inc. v. Lyon, 1980 OK 68, ¶ 8, 610 P.2d 788, 790-91 (Okla. 1980); State ex. rel. Southwestern Bell Tel. Co. v. Brown, 1974 OK 19, ¶ 20, 519 P.2d 491, 495 (Okla. 1974); Smith v. Roederer, 1973 OK 113, ¶ 19, 516 P.2d 257, 261 (Okla. 1973); Haggerty v. Key, 1924 OK 715, ¶ 18, 100 Okla. 238, 241-42, 229 P. 548, 551, 100 Okla. 238, 241-42 (1924); Rogers v. Harris, 1919 OK 301, ¶ 14, 76 Okla. 215, 218, 184 P. 459, 461, 76 Okla. 215, 218 (1919); McLean v. Southwestern Casualty Ins. Co., 1915 OK 987, ¶ 5, 61 Okla. 79, 81, 159 P. 660, 662, 61 Okla. 79, 81 (1915).

 

Instruction No. 18.9

STATEMENTS OF LAW AS FALSE

REPRESENTATIVES REPRESENTATIONS

A statement about the law or about the legal effect or consequence of a ([course of conduct)/(document)] does not constitute a false representation of a past or present fact unless

[1. It is an intentionally false statement about the past or present law, and the parties are in a [confidential/fiduciary] relationship], or

[2. It is an intentionally false statement about the past or present law, and the person making the statement has or professes to have special or superior knowledge about the law, and such knowledge is not reasonably available to the person to whom the statement is made.]

Notes on Use

Only those bracketed portions of this instruction should be used as are appropriate to the evidence in the case.

When appropriate, this instruction should be given in conjunction with instruction 18.3. "False Representation- Defined."

Comments

The general rule stated in the first paragraph is found in First Nat'l Bank & Trust Co. v. Muskogee District House, 1963 OK 130, ¶ 12, 382 P.2d 137, 139 (Okla. 1963); Graff v. Holliday, 1935 OK 630, ¶ 12, 172 Okla. 503, 505, 45 P.2d 1065, 1067, 172 Okla. 503, 505 (1935); Horton v. Foley, 1923 OK 1036, ¶¶ 2-3, 94 Okla. 9, 11, 220 P. 907, 908-09, 94 Okla. 9, 11 (1923). The exception numbered 1 is derived by implication from the general rule that one who is in a confidential relationship with another and through that relationship secures an undue advantage, will have such transaction scrutinized and set aside on account of fraud. Looney v. Chastain, 1964 OK 198, ¶ 12, 395 P.2d 571, 574 (Okla. 1964); Hamburg v. Doak, 1952 OK 442, ¶¶ 20-22, 207 Okla. 517, 521-22, 251 P.2d 510, 514, 207 Okla. 517, 521-22 (1952); Walden v. Elrod, 72 F.R.D. 5, 15 (W.D. Okla. 1976) ; . For support of exception 2, see Equity Life Ass'n v. Willis, 1940 OK 442, ¶ 8, 188 Okla. 265, 266, 108 P.2d 110, 111, 188 Okla. 265, 266, (1940); National Aid Life Ass'n v. Krow, 1940 OK 427, ¶ 8, 188 Okla. 163, 164, 107 P.2d 177, 179, 188 Okla. 163, 164, (1940); Ford Motor Credit Co. v. Milburn, 615 F.2d 892, 895 (10th Cir. 1980).

 

CHAPTER TWENTY FOUR
INTERFERENCE WITH CONTRACT

List Of Contents

Instruction No. 24.1 ..........Interference with Contract --- Elements

Instruction No. 24.2 . ..........Interference with Prospective 
Economic Advantage [Prospective] Business Relationship -- Elements

Instruction No. 24.3 ..........Interference with Contract -- Definition 

Instruction No. 24.4 ..........Interference with Contract --- Improper or Unfair
Means 

Instruction No. 24.5 ..........Interference with Contract --- Damages

 

Instruction No. 24.2

Instruction No. 24.2

Interference with Prospective Economic Advantage [Prospective] Business 
Relationship--- Elements

[Plaintiff] claims that [he/she/it] had a [prospective] business relationship with [Third Party]. [Plaintiff] also claims that [Defendant] intentionally and wrongfully interfered with this [prospective] business relationship, and that [he/she/it] suffered damages as a direct result. In order to win on the claim of intentional interference with a [prospective] business relationship, [Plaintiff] must show by the weight of the evidence that:

1. [Plaintiff] had a [prospective] business relationship with [Third Party];

2. [Defendant] knew [or under the circumstances reasonably should have known] about the [prospective] business relationship;

3. [Defendant] interfered with the [prospective] business relationship by:

causing [Third Party] not to [enter into]/[continue] the [prospective] business relationship;

OR

preventing [Plaintiff] from [entering into]/[continuing] the [prospective] business relationship.

4. [Defendant]'s conduct was intentional;

5. [Defendant] used improper or unfair means; and

6. [Plaintiff] suffered damages as a direct result of [Defendant]'s actions.

Notes on Use

This Instruction should be used in a case where a plaintiff seeks recovery for intentional interference with a business relationship or prospective business relationship that has not been reduced to a contract. For an enumeration of factors to consider for improper or unfair means, see OUJI 24.2, infra. For a definition of intentional conduct, see OUJI No. 9.52, supra.

Comments

Oklahoma courts have recognized claims for intentional interference with a prospective contractual relation under RESTATEMENT (SECOND) § 766B. Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd., 2009 OK 12, ¶ 11, 204 P.3d 69, 73. Section 766B provides:

One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of

(a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or
(b) preventing the other from acquiring or continuing the prospective relation.

Instruction No. 24.3

Instruction No. 24.3 

Interference with Contract --- Improper or Unfair Means

Whether the defendant's conduct was improper or unfair depends upon your consideration of all the facts and circumstances of the case, and a balancing of the following factors:

1. The nature of the defendant's conduct;

2. The defendant's motive;

3. The interests of the plaintiff with which the defendant's conduct interfered;

4. The interests sought to be advanced by the defendant;

5. The social interests in protecting the freedom of action of the defendant and the contractual interests of the plaintiff;

6. The proximity or remoteness of the defendant's conduct to the interference claimed by the plaintiff; and

7. The relationship among the plaintiff, _______ [name of breaching party], and the defendant.

Comments

This Instruction is based on language that the Oklahoma Supreme Court quoted with approval in Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd., 2009 OK 12, n.6, 204 P.3d 69, 74. The Oklahoma Supreme Court held in Loven v. Church Mut. Ins. Co., 2019 OK 68, ¶ 21, 352 P.3d 418, 426, that "like the tort of current or present business interference . . . the element of intentional interference clearly requires a showing of bad faith." The Supreme Court noted in Tuffy's Inc. v. City of Oklahoma City, 2009 OK 4, ¶15, 212 P.3d 1158, 1165, that the requirements in the Oklahoma Uniform Jury Instructions of "a showing of intentional action using unfair or improper means . . . contain some degree of bad faith on the part of the tortfeasor." Accordingly, this Instruction is consistent with the Loven case even though it does not expressly refer to bad faith.

 

Instruction No. 25.2

CONDEMNATION --- JUST COMPENSATION --- FULL TAKING

The term "just compensation" means the payment to [Owner] for the taking of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is means the fair market value of the property on __________, the date of the taking [plus reasonable and necessary moving expenses]. The property includes the land and any buildings or other things that are attached to the land.

Notes on Use

This Instruction should be used only when all of a particular property is condemned so that there are no problems involving the effect of the taking on the valuation of any remaining property. It should be given along with Instruction No. 25.5, "Fair Market Value- Definition," and other appropriate Instructions. The bracketed language in the second sentence that refers to moving expenses should be included if the plaintiff is seeking moving expenses. See State ex rel. Department of Transp. v. Little, 2004 OK 74, ¶¶ 18, 25, 100 P3d 707, 717, 720.

Comments

The 1990 amendment to Okla. Const. Art. 2, § 24 provides in pertinent part: " Just compensation shall mean the value of the property taken . . . ." Oklahoma cases decided prior to this amendment used fair market value as the standard for just compensation. E.g., Grand Hydro v. Grand River Dam Auth., 1943 OK 158, ¶ 8, 139 P.2d 798, 800, 192 Okla. 693, 694 ("The measure of compensation in [a condemnation proceeding] is the fair market or cash value of the land condemned.").

 

Instruction No. 25.3

CONDEMNATION --- JUST COMPENSATION --- PARTIAL TAKING

This is a case in which [Condemnor] is taking only a part of [Owner's] property, and it is sometimes referred to as a "partial taking" case. In a partial taking case, the term "just compensation" means the payment to [Owner] for the taking of a part of [his/her/its] property by [Condemnor] of an amount of money that will make [Owner] whole. In this case this is means the fair market value of the part of the property that was taken on __________, the date of the taking, plus any injury to the property left remaining after the taking. The property that was taken is [describe the property that was taken], and the property left remaining after the taking is [describe the remaining property]. The property includes the land, any buildings or other things that are attached to the land, and any other interests connected with the use of the land, such as access to roads.

Injury to the remaining property is the damage, if any, caused by:

1. The separation of the part taken from the remaining property;

2. The loss [or impairment] of a right of access to the [street/road/highway] that previously abutted [Owner's] property; [and]

3. The construction [and/or] use of the [describe the project] on the property being taken.

In determining the injury to the remaining property, you may subtract any increase in its value that will result from any features of the project that will benefit the remaining property. However, the increase in value to the remaining property can never exceed the damage to it. In other words, you may offset an increase in the value of the remaining property against any injury to the remaining property, but you may not offset an increase in the value of the remaining property against the value of the property that was taken.

Notes on Use

This Instruction should be used in cases involving a partial taking. It should be given along with Instruction No. 25.5, entitled "Fair Market Value- Definition," and other appropriate Instructions. The trial judge should include items 1, 2, and/or 3 in the second paragraph, depending on the type of injury to the remaining property that is alleged.

Comments

The Oklahoma Supreme Court decided that this Instruction was "a correct statement of the law" in Williams Natural Gas Co. v. Perkins, 1997 OK 72, ¶ 13, 952 P.2d 483, 488, under Okla. Const. art. 2, § 24, despite conflicting language in 66 O.S. 2021, § 53(D).

 

Instruction No. 31.5

CONTEMPT OF COURT - VERDICT FORM

IN THE DISTRICT COURT OF ____________ COUNTY,

STATE OF OKLAHOMA

 
 
 
 
 _________________ )
 Plaintiff/Petitioner, )
 

 vs.
 
 
  
 
 
  
 
 
 
 
 
 ___________________)
 Defendant/Respondent )
 
 
 
  
 
 
 CASE NO.
 
 
 

 

VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find as follows:

(Check and complete either 1 or 2 below but not both)

1. ____ [Name] is guilty of contempt of court.

2. ____ [Name] is not guilty of contempt of court.

 

_________________________ _________________________

Foreperson

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

_________________________ _________________________

Committee Comments

Although the defendant in a contempt proceeding has the right to a trial by jury, the jury's role is limited to determine guilt or innocence, and it is the duty of the judge to fix the punishment. Okla. Const. Art. 2, § 25; Dodd v. Dodd, 1959 OK 247, ¶¶ 8-9, 347 P.2d 786, 787-78.